UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | | |
|---|---|---|---|
| Jennifer Kathryn Roscoe, | ) | Crim. No.: | 4:14-cr-00392-RBH-10 |
| | ) | Civ. No.: | 4:16-cv-02484-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| _____ | ) | | |

This matter is before the Court on Petitioner Jennifer Kathryn Roscoe's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 467.

**Background**

Petitioner was involved in a multi-defendant drug conspiracy case involving distribution of methamphetamine. She was charged in a one-count indictment with conspiring to manufacture, possess with intent to distribute, and to distribute fifty grams or more of methamphetamine and 500 grams of more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). ECF No. 68. On October 28, 2014, Petitioner, represented by counsel, entered a guilty plea to the lesser-included offense of her indictment (conspiracy to possess with intent to distribute and distribution of five grams or more of methamphetamine and fifty grams of more of a mixture containing a detectable amount of methamphetamine) pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) agreeing to a stipulated sentence of ninety-six months' imprisonment. ECF Nos. 249, 258, & 260. Before sentencing, a presentence investigation report ("PSR") was prepared and indicated Petitioner's advisory guideline range—with application of the safety valve provision of

1

18 U.S.C. § 3553(f)—was seventy to eight-seven months' imprisonment. ECF No. 303. On July 7, 2015, the Court adopted the PSR without change and sentenced Petitioner to seventy months' imprisonment, followed by a statutory term of supervised release of four years. ECF Nos. 356, 361, 374, 385, & 386. Judgment was entered on July 9, 2015. ECF No. 385. No appeal was filed.

On July 5, 2016,[1] Petitioner (proceeding pro se) filed the instant motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 contending her plea counsel, Robert E. Lee, was constitutionally ineffective. ECF No. 467. On July 18, 2016,[2] Petitioner filed a document entitled "Petitioner's Addendum Attachment To Recently Submitted 28 U.S.C. §2255 Motion to Vacate, Set Aside Or Correct Sentence," in which she sought leave of court to amend her § 2255 motion with an additional ground for relief. ECF No. 472. On July 25, 2016, Mr. Lee filed an affidavit addressing his representation of Petitioner. ECF No. 477. On August 4, 2016, the Government filed a response in opposition and a motion for summary judgment. ECF Nos. 479 & 480. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the Court notified Petitioner of her right and obligation to respond to the motion for summary judgment. ECF Nos. 89 & 96. On August 22, 2016,[3] Petitioner filed a reply referring to the new claim presented in her July 18, 2016 document. ECF No. 488 at 2.

## Summary Judgment Standard

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant

---

[1]   Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[2]   *Houston v. Lack* filing date.

[3]   *Houston v. Lack* filing date.

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment

3

as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows the petitioner is not entitled to relief).

"Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief." *United States v. Robinson*, 238 F. App'x 954, 954-55 (4th Cir. 2007) (citing *United States v. Witherspoon*, 231 F.3d 923, 925-26 (4th Cir. 2000)). An evidentiary hearing "is required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *Witherspoon*, 231 F.3d at 925-27).

A guilty plea is a solemn, judicial admission of the truth of the charges against an individual; thus, a criminal defendant's right to contest the validity of such a plea is usually foreclosed. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977). "If an appropriately conducted Rule 11 proceeding is

4

to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). Regarding an ineffective assistance of counsel claim presented after entry of a guilty plea, the defendant's statements made under oath at the plea hearing, affirming satisfaction with counsel's representation, are binding on the defendant, absent clear and convincing evidence to the contrary. *United States v. Lemaster,* 403 F.3d 216, 221-22 (4th Cir. 2005). "[T]he truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 222.

Petitioner alleges plea counsel was constitutionally ineffective in her § 2255 motion. Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the guilty plea context, the inquiry regarding counsel's alleged deficiency hinges on whether the defendant knowingly, voluntarily, and intelligently entered her plea. *See id.* at 56 (stating that when "a defendant is represented by counsel during the plea process and enters her plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases" (internal quotation marks omitted)). The prejudice component "focuses on whether counsel's constitutionally

5

ineffective performance affected the outcome of the plea process." *Id.* at 59 ("In other words, in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

## Discussion

### I.     Ground One: Safety Valve Provision

In her § 2255 motion and supporting memorandum, Petitioner sets forth a single ground for relief, alleging "her counsel provided ineffective assistance at sentencing by failing to raise the safety valve and failing to object to the sentence imposed." ECF No. 467 at 4; ECF No. 467-1 at 2, 4-6. In response, the Government asserts Petitioner's petition is frivolous because she received credit for a safety valve reduction, as evidenced by the PSR, the Government's agreement at sentencing to reduce her stipulated sentence of ninety-six months to seventy months, and the seventy-month sentence actually imposed by the Court. ECF No. 479 at 1. In reply, Petitioner states, "I would like to apologize for inconviencing [*sic*] the court with filing a safety valve motion and a two point reduction motion, both of which I unknowingly received credit for. I accept and respect your decision in the matter." ECF No. 488 at 1.

The safety-valve statute requires a sentencing court to disregard any statutory mandatory minimum sentence if the defendant satisfies the following five criteria: (1) she does not have more than one criminal history point; (2) she did not use or threaten violence or possess a firearm or other dangerous weapon; (3) the offense did not result in death or serious bodily injury; (4) she was not an organizer, leader, manager, or supervisor of others in the offense; and (5) she truthfully provided the Government with all evidence and information about the offense and related offenses. 18 U.S.C. § 3553(f); see *United States v. Aidoo*, 670 F.3d 600, 605-06 (4th Cir. 2012) (discussing the safety valve

statute).

The Court finds plea counsel was not ineffective for not raising the safety valve provision of 18 U.S.C. § 3553(f) during sentencing. The PSR prepared before sentencing indicated Petitioner was eligible for a safety valve reduction under 18 U.S.C. § 3553(f) and U.S.S.G § 2D1.1(b)(17) and § 5C1.2, and the Court adopted the PSR without change and gave Petitioner credit for a safety valve reduction and sentenced her to seventy months' imprisonment. *See* ECF Nos. 374, 385, & 386. Thus, Petitioner received the benefit of the safety valve statute, and she cannot establish that she was prejudiced by counsel's alleged failure to raise its applicability. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."). Therefore, the Court must deny Petitioner's claim for relief in Ground One of her § 2255 motion.

## II.     New Ground Raised in Petitioner's Motion to Amend

As noted above, on July 18, 2016, Petitioner filed a document entitled "Petitioner's Addendum Attachment To Recently Submitted 28 U.S.C. §2255 Motion to Vacate, Set Aside Or Correct Sentence," in which she seeks leave of court to amend her § 2255 motion with an additional ground for relief.[4] ECF No. 472. Specifically, Petitioner seeks to bring a claim relating to Amendment 794 to the United States Sentencing Guidelines and argues she is entitled to a minor role reduction under Amendment 794.[5] *Id.*

---

[4]     Also as noted above, on August 22, 2016, Petitioner filed a reply referring to the new claim presented in her July 18, 2016 document. ECF No. 488 at 2.

[5]     "Amendment 794 to the U.S. Sentencing Guidelines amended the Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense. Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment." *Hill v. United States*, No. 5:14-CR-00206-F-3, 2017 WL 327474, at *2 (E.D.N.C. Jan. 23, 2017) (internal footnote and citation omitted).

Petitioner is not entitled to relief under Amendment 794 because it is not retroactively applicable on collateral review. Amendment 794 amended § 3B1.2 of the United States Sentencing Guidelines and took effect on November 1, 2015—*after* Petitioner's conviction became final in July 2015 when she did not appeal the judgment. Section 1B1.10 of the United States Sentencing Guidelines lists those Guideline amendments that have been made retroactively applicable to defendants on collateral review; Amendment 794 is not listed. *United States v. McNeill*, __ Fed. App'x __, 2016 WL 6936472, at *1 (4th Cir. Nov. 28, 2016). Consequently, Petitioner is not entitled to relief under Amendment 794.[6] *See, e.g.*, *Kidwell v. United States*, No. 5:12-CR-00351-F-15, 2016 WL 5957561, at *2 (E.D.N.C. Oct. 13, 2016) (finding a § 2255 petitioner was not entitled to relief under Amendment 794).

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

---

[6] Thus, to the extent Plaintiff seeks leave to amend her § 2255 motion with an Amendment 794 claim, such amendment would be futile. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("[C]ourts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion. . . . Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, ***or futility of amendment***." (emphasis added));

8

## Conclusion

Based upon the foregoing reasons, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 480] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [ECF No. 467].

The Court **DENIES** Petitioner's motion to amend [ECF Nos. 472 & 488]. The Court **DENIES** a certificate of appealability at this time because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
January 31, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

9